Filed 2/6/14  P. v. Ochoa CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADOLFO BELLO OCHOA,<br><br>    Defendant and Appellant. | H039369<br>(Monterey County<br>Super. Ct. No. SS092343) |

**INTRODUCTION**

Defendant Adolfo Bello Ochoa pleaded guilty to possessing cocaine (Health & Saf. Code, § 11350, subd. (a)).  The trial court placed defendant on probation for three years.  On appeal, defendant argues that the trial court erred in imposing a $864 probation report preparation fee and a $81 monthly probation supervision fee without first determining his ability to pay the fees.  Defendant also contends, and the Attorney General concedes, that the restitution fine and the probation revocation restitution fine must be reduced to $200 because (1) it was the minimum restitution fine amount at the time he committed the crime (Pen. Code, § 1202.4)[1] and (2) it was the amount consistent with the trial court's oral pronouncement of judgment.  For the reasons stated below, we will reverse the judgment and remand with directions to determine, in accordance with section 1203.1b, defendant's ability to pay probation services fees and to modify the judgment by reducing the restitution fine.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## BACKGROUND

On or about October 8, 2009, defendant was contacted by the California Highway Patrol and had a small amount of cocaine on his person. Defendant was charged with sale or transportation of cocaine (Health & Saf. Code, § 11352, subd. (a)), possession of cocaine (*id.*, § 11350, subd. (a)), and driving without a license (Veh. Code, § 12500, subd. (a)).

Defendant pleaded guilty to possessing cocaine (Health & Saf. Code, § 11350, subd. (a)) and was granted deferred entry of judgment (DEJ).

On January 17, 2013, the trial court terminated DEJ and reinstated criminal proceedings.

On February 19, 2013, the trial court suspended imposition of sentence and placed defendant on probation for three years. The court orally imposed, but suspended, a probation revocation restitution fine in the amount of $200. (§ 1202.44.) The minute order, however, reflects a restitution fine and an additional probation revocation restitution fine of $280. In addition to the probation revocation restitution fine, the court also adopted the recommendation in the probation report concerning probation services fees. The court ordered defendant: "to pay $864.00 for the cost of preparation of the probation report, plus $81.00 per month as the cost of supervised probation in accordance with his/her ability to pay. The defendant is ordered to provide the Probation Officer with financial information for evaluation of his/her ability to pay, and is ordered to pay the amount Probation determines he/she can afford. [¶] Unless otherwise stated, all financial obligations are to be paid through the Monterey County Revenue Division."

## DISCUSSION

### A. *The Probation Services Fees*

Defendant contends that the trial court's order imposing probation services fees should be vacated, and the matter should be remanded because defendant was never advised of his right to a hearing to determine his ability to pay and he never waived this

2

right.  Although defendant acknowledges that he did not object at the trial level, he relies on *People v. Pacheco* (2010) 187 Cal.App.4th 1392, disapproved by *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), to argue that his claim has not been forfeited and that a hearing on defendant's ability to pay was necessary.  Additionally, defendant argues that there was insufficient evidence of his ability to pay the probation services fees.

Relying on *McCullough*, *supra*, 56 Cal.4th 589, the Attorney General contends that defendant has forfeited his claim because defendant failed to object when the trial court imposed the probation services fees.[2]  The Attorney General further argues that the record contains evidence that the procedure set forth in section 1203.1b was followed, as the hearing on defendant's ability to pay was conducted as a part of the sentencing hearing.

Section 1203.1b sets forth a process that must be followed before the trial court may impose a fee for the cost of supervised probation or for the cost of preparation of a probation report.  First, the court must order the defendant to report to the probation officer, who will then make a determination of the defendant's ability to pay.  (§ 1203.1b, subd. (a).)  After the probation officer determines the amount the defendant may be able to pay, the probation officer must inform the defendant that he or she is entitled to a hearing, during which the court will make a determination of the defendant's ability to pay and the payment amount.  (*Ibid*.)  Defendant is entitled to representation by counsel during this hearing.  (*Ibid*.)  A defendant may waive his or her right to a hearing, but this waiver must be made knowingly and intelligently.  (*Ibid*.)  If no waiver is given, the

---

[2] The California Supreme Court is currently considering the issue of whether a defendant, who fails to object to an order for payment of probation supervision fees, forfeits a claim that the trial court erred in failing to make a finding of an ability to pay. (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571 and *People v. Trujillo*, review granted Nov. 26, 2013, S213687 [nonpub. opn.].)

probation officer must refer the matter back to the trial court, and the trial court will make a determination of defendant's ability to pay. (*Id.*, subd. (b).)

In this case, the trial court did not follow the statutory procedure set forth in section 1203.1b. As defendant argues, there is nothing in the record that suggests that the probation officer or the trial court made a determination of defendant's ability to pay the probation services fees. Nor is there any evidence that the probation officer advised defendant of his right to a hearing and determination by the trial court or that defendant waived this right. We therefore find that it is appropriate to remand this matter to the trial court with directions that it comply with the statutory requirements set forth in section 1203.1b to determine defendant's ability to pay such fees.

Furthermore, we reject the Attorney General's argument that defendant forfeited his claim. So far as the record reflects, defendant was ordered to pay up to $864 for preparation of the probation report and up to $81 for the cost of supervised probation, but the specific amounts have not yet been set. Indeed, the order states that the probation officer must first conduct an evaluation on defendant's ability to pay before the court may order the amount the probation officer has determined that defendant can afford. There is no evidence in the record that suggests either the probation officer or the trial court has made a determination of defendant's ability to pay a specified amount as required by section 1203.1b. Thus, defendant did not have the opportunity to object to a determination that he had the ability to pay a particular amount.

For these reasons, we determine that the case should be remanded to the trial court with the direction that it comply with the statutory requirements set forth in section 1203.1b by ordering that a determination be made on defendant's ability to pay the

4

probation services fees and that defendant be afforded a right to an ability to pay hearing.[3]

## B. The Restitution Fine

At the time of sentencing, the trial court ordered a "restitution fine in the amount of $200; suspend it, order it not paid unless probation is revoked, not reinstated." The sentencing minute order, however, reflects that defendant was ordered to pay a $280 restitution fine and an "additional restitution fine in the amount of $280" that was "imposed, suspended, and not to be paid unless and until probation is revoked and not reinstated. (PC § 1202.44.)"

Defendant contends, and the Attorney General concedes, that the restitution fine must be reduced from $280 to $200 because (1) at the time of defendant's offense, the minimum restitution fine under section 1202.4, subdivision (b) was $200 and (2) the minute order does not reflect the trial court's oral pronouncement.

On or about October 8, 2009, the date of defendant's charged crimes, the minimum restitution fine under section 1202.4, subdivision (b) was $200 if the defendant was convicted of a felony. (Stats. 2008, ch. 468, § 1.) Though defendant was sentenced in February 2013,[4] "[i]t is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions." (*People v. Souza* (2012) 54 Cal.4th 90, 143; see *People v. Saelee* (1995) 35 Cal.App.4th 27, 31 [1992 increase in the minimum restitution fine from $100 to $200 was inapplicable to defendant whose offenses were committed before the statutory amendment's effective date].)

---

[3] Since we remand these fees on the basis that the statutory procedures set forth under section 1203.1b were not followed, we need not address defendant's other claim that there was insufficient evidence of his ability to pay the fees.

[4] At the time of sentencing in February 2013, the minimum restitution fine, under section 1202.4, subdivision (b), on a person convicted of a felony was $280.

Section 1202.44 states that "[i]n every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine *in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4.* This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence . . . ." (Italics added.) As such, because the minimum restitution fine at the time of defendant's crime was $200, the minimum probation revocation restitution fine would have also been $200.

The trial court's oral pronouncement set the probation revocation restitution at the correct base amount of $200. (§§ 1202.4, subd. (b), 1202.44.) The minute order, however, does not accurately reflect the amount of the restitution fine and the probation revocation restitution fine. Where there is a discrepancy, the record of the court's oral pronouncement of judgment ordinarily controls over the clerk's minute order. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Mesa* (1975) 14 Cal.3d 466, 471; see §§ 1207, 1213, 1213.5.) Accordingly, the base restitution fine (§ 1202.4, subd. (b)), and the corresponding probation revocation restitution fine (§ 1202.44), must be reduced from $280 to $200 and the abstract of judgment must be corrected.

## DISPOSITION

The judgment is reversed. The matter is remanded for the limited purpose of determining, in accordance with Penal Code section 1203.1b, defendant's ability to pay the costs for preparation of the probation report and for probation supervision, before

reimposing these costs. We also direct the trial court to modify the restitution fine and the probation revocation restitution fine to reduce the amount from $280 to $200.

                                                  _____

                                                         Premo, J.

WE CONCUR:

_____
             Rushing, P.J.

_____
             Márquez, J.