Filed 3/11/14  P. v. Salcido CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057457 |
| v. | (Super.Ct.No. FVA1200013) |
| GEORGE BERUMON SALCIDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

This is an appeal by defendant and appellant, George Berumon Salcido (defendant), from the judgment entered after a jury found him guilty of an attempt to kidnap his wife (Pen. Code, §§ 664, 207, subd. (a)),[1] a lesser included offense to the charged crime of kidnapping, and of inflicting corporal injury on a spouse (§ 273.5, subd. (a).)  The jury also found defendant had a prior strike conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a prior serious felony conviction (§ 667, subd. (a)(1)).  The trial court sentenced defendant to serve a total term of 13 years in state prison, the details of which we recount in our discussion of defendant's claims on appeal.

Defendant asserts two claims of error in this appeal.  First, he contends the trial court violated section 654 by imposing a concurrent sentence on count two, his conviction for inflicting corporal injury on a spouse.  Next, defendant contends the restitution and parole revocation fines of $240, the minimum fines at the time of sentencing, violate the state and federal constitutional prohibitions against ex post facto laws because at the time he committed his crimes the statutory minimum fine was $200. The Attorney General concedes defendant's first claim of error, and we conclude that concession is appropriate.  We disagree with defendant's second claim of error. Therefore, for reasons we now explain, we will direct the trial court to modify defendant's sentence by staying execution of the sentence imposed on count 2.

---

[1] All statutory references are to the Penal Code unless indicated otherwise.

2

## FACTS[2]

Yolanda, defendant's wife of three years, left defendant and moved with their two-year-old son, Jorge, to a homeless shelter after defendant physically abused her. Yolanda also obtained a restraining order that required defendant to stay at least 100 feet from her and Jorge. After four months in the shelter, Yolanda and Jorge moved into an apartment with another family and Yolonda's 18-year-old son, Elias.

In December 2011, defendant violated the restraining order by assaulting Yolanda in the parking lot of the apartment complex, and forcing her into his car. Yolanda was able to lock the car doors, but defendant broke the passenger window with a metal bar. Defendant got in the driver's seat and was trying to back up when Yolanda put the vehicle in park and another resident of the apartment complex interceded. He pulled defendant from the car and threw him to the ground. When the police arrived, Yolanda had blood on her mouth, a cut on the side of her lip, and abrasions on her chest and arm. They arrested defendant.

---

[2] Because the facts of defendant's crimes are not in dispute and, in any event, are not pertinent to the issues he raises on appeal, we rely on the parties' briefs for the relevant details, which we briefly recount.

3

# DISCUSSION

## 1.

## SECTION 654 ISSUE

The trial court sentenced defendant on count 1 to serve four years in state prison, doubled to eight years as a result of his prior strike conviction. On count 2, the trial court imposed the same sentence, but ordered it be served concurrently to count 1.

Defendant, as previously noted, contends his concurrent sentence on count 2 violates section 654, which prohibits multiple punishment for multiple crimes that arise out of a single act or an indivisible course of conduct. (*People v. Miller* (1977) 18 Cal.3d 873, 885.) The trial court in this case was aware of the section 654 issue and purported to address it by ordering the sentence imposed on count 2 be served concurrently to the sentence imposed on count 1. "However, under section 654, concurrent sentences for such offenses are prohibited, since they may have collateral consequences amounting to increased punishment. [Citations.]" (*People v. Cole* (1985) 165 Cal.App.3d 41, 53.) "When confronted with offenses within the ambit of section 654, the procedure is to stay the execution of sentence on all but one of the offenses subject to section 654. [Citation.]" (*Ibid.*)

We will direct the trial court to amend the sentence on count 2 by staying execution of that sentence.

## 2.

## EX POST FACTO ISSUE

In sentencing defendant, the trial court imposed the minimum restitution fine of $240 under section 1202.4, subdivision (b). In accordance with the provision in section 1202.45, subdivision (a), which requires the trial court to assess a parole revocation restitution fine in the same amount if the trial court assesses a restitution fine, the trial court also imposed a so-called parole revocation fine in the amount of $240, the payment of which the trial court stayed pending defendant's successful completion of parole, at which time it would be permanently stayed.

Defendant contends the trial court should have imposed fines of $200 because that was the minimum fine under the pertinent statutes in effect at the time defendant committed his crimes in December 2011. The Attorney General argues defendant forfeited the claim because he did not raise it in the trial court. We do not share the Attorney General's view.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) "[T]he forfeiture rule applies in the context of sentencing as in other areas of criminal law." (*Id*. at p. 881.) "'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]' [Citations.]" (*Ibid*.) The forfeiture rule is subject to recognized exceptions, one of which is that forfeiture will not be applied to pure questions of law because resolution of a legal issue does not depend on facts

contained in the record. (*Id.* at pp. 881-882; see also *People v. McCullough* (2013) 56 Cal.4th 589, 597 [defendant who did not raise factual issue of ability to pay booking fee forfeits issue on appeal].)

Defendant does not raise the factual issue of his ability to pay the restitution fine; he raises only the legal issue of whether the minimum fine proscribed by the pertinent statutes is subject to the ex post facto prohibition. Because his claim raises only an issue of law, we conclude defendant has not forfeited that claim on appeal.

"A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws. [Citations.]" (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.) Just as the 1992 increase in the minimum fine from $100 to $200 made more burdensome the punishment for a crime, the increase from $200 to $240 had the same effect. (*Ibid.*) In December 2011, when defendant committed his crime, the minimum restitution fine was $200. (See Stats. 2011, ch. 45, § 1 [Sen. Bill No. 208], eff. July 1, 2011.) At the time of sentencing the minimum fine was $240.

Defendant would have us assume from the fact the trial court imposed fines of $240, the minimum fine specified under the statutes in effect at the time of sentencing, the trial court intended to impose the minimum fine authorized by law. However, we are not at liberty to engage in that assumption. The court is presumed to have followed the correct law, even if it did not explicitly state the law it was applying. (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562.) An appellant has the burden of affirmatively showing error, and we cannot find such error on the basis of speculation about what the court intended. Because the trial court gave no other indication of its

intent to impose the statutory minimum for the restitution fine, there is nothing in the record to support such a finding. The sentencing court clearly was within its discretion when it ordered defendant to pay $40 more than the statutory minimum applicable at the time defendant committed his offenses.

## DISPOSITION

The trial court is directed to modify defendant's sentence by staying execution of the eight-year sentence imposed on count 2, in accordance with section 654. The trial court is further directed to prepare and forward to the appropriate agencies and entities an amended abstract of judgment that reflects defendant's modified sentence. As modified the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____
J.

We concur:


RAMIREZ _____
P. J.


HOLLENHORST _____
J.


7