Filed 3/24/14  P. v. Cuellar CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN MANUEL CUELLAR, JR.,<br><br>    Defendant and Appellant. | B248093<br><br>(Los Angeles County<br>Super. Ct. No. VA127905) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter Espinoza, Judge.  Modified and affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Robert M. Snyder, Deputy Attorney General, for Plaintiff and Respondent.

_____

Juan Manuel Cuellar appeals from the judgment entered after his no contest plea to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On October 21, 2013, we notified appellant that he had 30 days from the date of the notice to raise any grounds of appeal he wished us to consider. We received no response from him.

In the *Wende* brief, appointed counsel advised that he had sent an informal letter to the trial court, raising two potential sentencing errors: regarding the number of custody credits and amount of fines under sections 1202.4 and 1202.45.[1] We invited the parties to brief these issues. After considering the parties' letter briefs, we disagree that the amount of fines needs to be reduced, but we modify the judgment to increase appellant's credits by one day to 137.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant was arrested for possession of methamphetamine on December 14, 2012. He was charged with possession of a controlled substance under Health and Safety Code section 11377, subdivision (a). Also alleged were a prior strike conviction and four prior prison terms. Appellant pled no contest and, on February 20, 2013, was sentenced to two years in prison pursuant to a plea agreement.

The court awarded appellant 68 days of actual custody credits and another 68 days of good conduct credits, for a total of 136 days. It imposed a $280 restitution fine (§ 1202.4, subd. (b)), and a $280 parole revocation fine (§ 1202.45). On the record, the court stated the Department of Corrections could strike the latter fine "if they are not going to supervise him." The court assessed a $50 laboratory fee (Health & Saf. Code, § 11372.5, subd. (a)), a $40 court security fee (§ 1465.8), and a $30 criminal conviction

---

[1] Undesignated citations are to the Penal Code.

2

fee (Govt. Code, § 70373). The latter two assessments are not reflected in the abstract of judgment.

This appeal followed. During its pendency, appointed counsel sent the trial court a letter requesting an additional day of actual custody credits because there were 69 days between the dates of appellant's arrest and sentencing. Counsel also argued that ex post facto principles required a reduction of the restitution and parole revocation fines to the mandatory minimum of $240 that was in place in 2012, when appellant committed the crime for which he was sentenced in 2013.

## DISCUSSION

Appellate counsel urges us to modify the judgment in accordance with the request he made to the trial court, on which there has been no ruling. Respondent generally agrees that we should modify the judgment, but does not address appellant's contentions.

Appellant argues he is entitled to one more day of actual custody credits. Under section 2900.5, actual credits include, as a general rule, the date of arrest, the date of sentencing, and every day in between. (*People v. Smith* (1989) 211 Cal.App.3d 523, 525–526 ["Since section 2900.5 speaks in terms of 'days' instead of 'hours,' it is presumed the Legislature intended to treat any partial day as a whole day"].) Counting all days between December 14, 2012 and February 20, 2013, and including those dates, appellant is entitled to 69 days of actual custody credits.[2] Conduct credits are determined under section 4019, which currently provides that a term of 4 days will be deemed served for every 2 days spent in actual custody for crimes committed after October 1, 2011.

---

[2]In *People v. Ravaux* (2006) 142 Cal.App.4th 914, 921, the court held that where the dates of arrest and booking are different, custody credit should be calculated from the date of booking. At the preliminary hearing in appellant's case, the arresting officer testified he made contact with appellant around 8 a.m. on December 14, 2012. The probation officer's report does not list a separate booking date, and the record does not indicate that the number of credits was calculated based on a later booking date.

3

(§ 4019, subd. (f) & (h).)  Thus, appellant is entitled to 68 days of conduct credit, but 69 days of actual custody credit.

Respondent incorrectly argues that appellant should be limited to fewer conduct credits under section 2933.1 because of his prior violent felony conviction.  Section 2933.1 limits conduct credits to 15 percent of actual credits if the *current* offense is a violent felony enumerated in section 667.5, subdivision (c).  (*People v. Henson* (1997) 57 Cal.App.4th 1380, 1389.)  *People v. Lara* (2012) 54 Cal.4th 896, 899, on which respondent relies, dealt with the limitation of conduct credits under former section 4019, subdivisions (b)(2) and (c)(2), for crimes committed between January 25, 2010, and September 28, 2010, by defendants who had prior serious or violent felony convictions.  That limitation was deleted in a subsequent amendment.  (See Legis. Com. com., Deering's Ann. Pen. Code (2014 supp.) foll. § 4019, p. 18; *People v. Lara*, at p. 906, fn. 9.)  The case does not support respondent's position that section 2933.1 limits conduct credits in cases of prior violent felony convictions.  (See *id.*, at p. 901 [discussing notice and proof issues under § 2933.1 for *current* felony convictions].)

Appellant also argues that the imposition of restitution and parole revocation fines under sections 1202.4 and 1202.45 in the amount of $280 each violated the prohibition against ex post facto laws because the applicable minimum in 2012, when the crime was committed, was $240.  "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws.  [Citations.]" (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30–31 (*Saelee*).)  Ex post facto principles are only violated when a law fails to give fair notice or imposes unforeseeable punishment.  (See *People v. Snook* (1997) 16 Cal.4th 1210, 1221.)  There is no ex post facto violation here because section 1202.4 was amended effective January 1, 2012, to increase the minimum restitution fine to $280 "[i]f the person is convicted of a felony" starting on January 1, 2013.  (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1, p. 3759.)  Thus, at the time appellant committed the crime in December 2012, the statute already gave notice that the effective date of the fine increase was tied to the time of conviction rather than the time

4

of commission of the crime, and that, if convicted in 2013, defendant would be subject to a fine in the amount of $280.

Respondent notes that the trial court incorrectly tied the parole revocation fine to the Department of Correction's choice whether to supervise appellant. The community supervision provisions of section 1202.45, subdivision (b) postdate appellant's offense and are inapplicable to this case. The abstract of judgment, however, does not require modification because it correctly states that the fine is suspended unless parole is revoked. Respondent also notes that the $40 court operations assessment and $30 criminal conviction assessment the court imposed on the record are not reflected in the abstract of judgment, although they appear in the court's minute order.

## DISPOSITION

The judgment is modified to increase appellant's custody credits by one day. The trial court is directed to amend the abstract of judgment to reflect this modification and to record the $40 court operations assessment (§ 1465.8 ) and $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). As modified the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.                    EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5