[No. F020476. Fifth Dist. May 9, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
NAI IAN SAELEE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Facts, part I and part II.C.

**COUNSEL**

James E. McCready, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Jo Graves and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DIBIASO, Acting P. J.**—Appellant Nai Ian Saelee was convicted of various crimes, including first degree murder. Included in his sentence was a restitution fine under Government Code section 13967 in the amount of $10,000. We publish the brief portion of this opinion which addresses the ex post facto implications of Government Code section 13967 as applied to the circumstances of this case. Ultimately, we will modify the judgment to reduce the fine to the pertinent statutory minimum and affirm the judgment as so modified.

### STATEMENT OF THE CASE

On May 7, 1993, a first amended consolidated information was filed in Fresno County Superior Court, charging appellant Nai Ian Saelee with

murder (Pen. Code,[1] § 187, count one); attempted murder (§§ 664/187, count two); and assault with a firearm (§ 245, subd. (a)(2), count three). As to counts one and two, it was further alleged that Saelee was armed with a firearm in the commission of the offense (§ 12022, subd. (a)(1)).[2] Saelee pleaded not guilty and denied the special allegations.

Jury trial began on August 30, 1993. On September 8, Saelee was convicted of first degree murder (count one), attempted premeditated murder (count two), and assault with a firearm (count three). The enhancement allegations were found to be true.

On October 6, 1993, Saelee was sentenced to prison for 25 years to life with a 1-year consecutive term for the arming enhancement on count one, plus a consecutive life term on count two. Sentence on count three and on the arming enhancement of count two was stayed. A $10,000 restitution fine was imposed pursuant to Government Code section 13967. This timely appeal followed.

STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.  *CALJIC No. 3.02**

. . . . . . . . . . . . . . . . . . . . . . . .

II.  *Imposition of Restitution Fine*

A.  *Contentions on Appeal*

Saelee claims that because the court failed to ascertain his ability to pay, the $10,000 fine imposed upon him under Government Code section 13967 must be reduced to the statutory minimum of $200 or the matter remanded for a hearing on the issue.[6] The People claim Saelee has waived the issue by failing to object at the time of sentencing.

---

[1]All statutory references are to the Penal Code unless otherwise stated.

[2]Ly Vang was also charged under the consolidated information. Vang's appeal is before this court in *People* v. *Vang* (F020989).

*See footnote, *ante*, page 27.

[6]Imposition of a $10,000 restitution fine was recommended in the report of the probation officer. In imposing the fine, the trial court simply stated: "With regard to Government Code Section 13967, there will be a restitution fine of $10,000 imposed."

### B. *Ex Post Facto Considerations*

At the time Saelee was sentenced, Government Code section 13967, subdivision (a) provided in part that ". . . if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than two hundred dollars ($200), *subject to the defendant's ability to pay,* and not more than ten thousand dollars ($10,000)." (Italics added.) The emphasized portion was added by Statutes 1992, chapter 682, section 4.

The 1992 amendment became effective on September 14, 1992.[7] However, the instant offenses were committed on August 17, 1992, when the pertinent portion of the statute read: "[I]f the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000)." Thus, there was no "ability to pay" language in the statute as it existed at the time Saelee committed the felony offenses in issue here.[8]

Under the United States Constitution, " ' "any statute [1] which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission, or [3] which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*" ' " (*Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 294 [279 Cal.Rptr. 592, 807 P.2d 434], fn. omitted, quoting *Collins* v. *Youngblood* (1990) 497 U.S. 37, 42 [111 L.Ed.2d 30, 39, 110 S.Ct. 2715].) The ex post facto clause of the state Constitution is in accord. (*Tapia, supra,* at pp. 295-296.)

A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws. (Cf. *People* v. *Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861]; *People* v. *Zito* (1992) 8

---

[7]At the same time, the minimum fine was increased from $100 to $200.

Government Code section 13967 has since been amended by Statutes 1994, chapter 1106, section 2. Effective September 29, 1994, the statute reads: "Notwithstanding Section 13340, the proceeds in the Restitution Fund are hereby continuously appropriated to the board for the purpose of indemnifying persons filing claims pursuant to this article. However, the funds appropriated pursuant to this section for administrative costs of the State Board of Control shall be subject to annual review through the state budget process."

[8]Neither party discussed these points in their briefs. Instead, both apparently assumed the applicable statute contained the "ability to pay" language. We therefore afforded the parties the opportunity to address ex post facto issues raised by application of the 1992 amendment, as well as the effect, if any, of the 1994 amendment to the statute. In that regard, we proceed under the assumption the 1994 amendment does not affect Saelee.

Cal.App.4th 736, 741 [10 Cal.Rptr.2d 491].) The 1992 increase in the minimum fine from $100 to $200 clearly " ' "makes more burdensome the punishment for a crime" ' " and hence cannot be applied to a defendant whose offenses were committed before the effective date of the amendment.

However, the addition of "ability to pay" language is an ameliorative change which, instead of making more burdensome the "punishment" of the restitution fine, benefits the defendant. "[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*In re Estrada* (1965) 63 Cal.2d 740, 748 [48 Cal.Rptr. 172, 408 P.2d 948]; see *People* v. *Roberts* (1994) 24 Cal.App.4th 1462, 1466 [29 Cal.Rptr.2d 771] & cases cited therein.) Thus, the 1992 amendment may be applied to a defendant whose crimes were committed before the statutory change. Accordingly, Saelee should receive the benefit of the "ability to pay" language contained in the statute at the time he was sentenced, but he cannot be burdened with the increased minimum fine, which was not in effect at the time the offenses were committed.

C.   *Failure to Ascertain Ability to Pay**

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is modified to reduce the amount of the restitution fine (Gov. Code, § 13967, subd. (a)) from $10,000 to $100, and the trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a copy to the appropriate authorities. As so modified, the judgment is affirmed.

Thaxter, J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 19, 1995.

---

*See footnote, *ante*, page 27.