Filed 8/6/13  P. v. Leyva CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>ALEXANDER LEYVA,<br><br>    Defendant and Appellant. | F064921<br><br>(Super. Ct. No. BF139004C)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Alice Su, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Gomes, Acting P.J., Kane, J., and Detjen, J.

## INTRODUCTION

On April 10, 2012, a jury found Alexander Leyva (appellant) guilty of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and not guilty of participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)).[1] In a bifurcated proceeding, the trial court found true allegations that appellant had a prior serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (c)–(j); 1170.12, subds. (a)-(e)) and a prior prison term enhancement (§ 667.5, subd. (b)).

On May 8, 2012, the trial court struck the prior prison term enhancement and sentenced appellant to the low term of 16 months, doubled to 32 months pursuant to the three strikes law. The court imposed a restitution fine pursuant to section 1202.4, subdivision (b) of $240 and a suspended fine of the same amount pursuant to section 1202.45.

On January 1, 2012, an amendment to section 1202.4, subdivision (b) by the Legislature became operative and increased the minimum restitution fine from $200 to $240. Appellant contends, and respondent concedes, that his offense occurred prior to the operative date of the amendment and therefore imposition of the increased fine constitutes a violation of the ex post facto clause of the United States and California Constitutions. We agree and will reverse the trial court's restitution fine.

## DISCUSSION

An amendment to section 1202.4, subdivision (b) was passed as urgency legislation on July 1, 2011, and set the minimum restitution fine at $240 to become operative on January 1, 2012. (Stats. 2011, ch. 45, § 1, p. 1830, eff. July 1, 2011; Stats. 2011, ch. 358, § 1, p. 3759.) Appellant's offense occurred on October 17, 2011, prior to the operative date of the statutory amendment.

---

[1]     All further statutory references are to the Penal Code.

Under ex post facto principles, the amount of a fine is determined as of the date of the offense.  (See *People v. Saelee* (1995) 35 Cal.App.4th 27, 30.)  In this case, the trial court erred in imposing $240 fines pursuant to sections 1202.4, subdivision (b) and 1202.45.  The fines must be reduced to $200 in accordance with the provisions of statutes in effect at the time appellant committed the offense.

## DISPOSITION

The trial court's restitution fine is vacated and the judgment is modified to reduce the fine imposed pursuant to section 1202.4, subdivision (b) to $200 and to set the stayed fine pursuant to section 1202.45 in the same amount.  The trial court is directed to amend the abstract of judgment accordingly and to send a certified copy of it to the appropriate authorities.  In all other respects, the judgment is affirmed.