Filed 11/4/13  P. v. Holmes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JARRET WADE HOLMES,<br><br>    Defendant and Appellant. | F066181<br><br>(Super. Ct. Nos. F11904638, F11904362, F11905770, F12900991 & F12905726)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Ralph Nunez, Judge.  (Retired judge of the superior court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.)

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Cornell, Acting P.J., Kane, J. and Detjen, J.

Defendant Jarret Wade Holmes was convicted of various offenses, including vehicle theft and methamphetamine possession, pursuant to plea bargains in five cases. The first three cases were based on crimes committed before January 1, 2012, and the last two cases were based on crimes committed after January 1, 2012. When the trial court sentenced defendant on the five cases, it imposed a five-year aggregate prison sentence, plus five $240 restitution fines pursuant to Penal Code section 1202.4.[1] The court stated only the following regarding the restitution fines: "He's to pay a restitution fine in the sum of $1,200. He's to pay a fine in the sum of $1,200, that's $240 per case pursuant to Penal Code section 1202.4."

On appeal, defendant contends the trial court applied the law retroactively because it relied on the amended version of section 1202.4, effective on January 1, 2012, to impose the $240 fine in the first three, pre-2012 cases. He asserts this alleged reliance on the amended statute was a violation of the prohibition against ex post facto laws.

Effective January 1, 2012, section 1202.4 was amended to increase the *minimum* restitution fine from $200 to $240. (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1, p. 3759.) "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws. [Citations.]" (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.) But there is nothing in the record to support defendant's supposition that the trial court relied on the most recent version of section 1202.4 when it imposed the restitution fines, or that the court intended to impose only the minimum fines allowed under the two versions of the statute. The court merely imposed the fines without comment. Because the fines were well within the range of fines authorized at the time of defendant's commission of the pre-2012 offenses, and there is nothing in the record indicating that the court imposed the fines pursuant to the amended version of the statute, defendant's ex post facto claim fails.

---

[1] All statutory references are to the Penal Code.

## **DISPOSITION**

The judgment is affirmed.