Filed 12/6/13  P. v. Aguilar CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BENITO ALFREDO AGUILAR,<br><br>    Defendant and Appellant. | F066541<br><br>(Super. Ct. Nos. F11904337 &<br>F11903816)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Brook A. Bennigson and Jennevee H. de Guzman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Detjen, J. and Franson, J.

Defendant Benito Alfredo Aguilar pled guilty on November 1, 2012, to second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b))[1] for an offense he committed on November 14, 2010, in Fresno Superior Court case No. F11903816. The trial court sentenced him to two years in prison, to run concurrently with the sentence the court imposed on an unrelated case (Fresno Super. Ct. case No. F11904337). The court also imposed various fees and fines, including a $1,440 restitution fine pursuant to section 1202.4. The court stated only the following regarding the restitution fine: "Furthermore, pursuant to Penal Code Section 1202.4, the court orders a restitution fine of 1,440 dollars." According to the minute orders and abstract of judgment, the restitution fine was divided into a $240 fine in the present case and a $1,200 fine in the unrelated case.

On appeal, defendant challenges only the $240 fine. He contends the trial court applied section 1202.4 retroactively because it relied on the amended version of the statute, effective on January 1, 2012, to impose the $240 fine—which, he claims, the court intended to be the minimum allowed under the statute. Defendant asserts the court's alleged reliance on the amended statute was a violation of the prohibition against ex post facto laws.

Effective January 1, 2012, section 1202.4 was amended to increase the *minimum* restitution fine from $200 to $240. (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1, p. 3759.) "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws. [Citations.]" (*People v. Saelee* (1995) 35 Cal.App.4th 27, 31.) But there is nothing in the record to support defendant's supposition that the trial court relied on the most recent version of section 1202.4 when it imposed the restitution fine, or that the court intended to impose only the minimum fine allowed under the statute. The court merely imposed the fine without comment. Because the fine was

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

well within the range of fines authorized at the time of defendant's commission of the 2010 offense, and there is nothing in the record indicating that the court imposed the fine pursuant to the amended version of the statute, defendant's ex post facto claim fails.

## DISPOSITION

The judgment is affirmed.