Filed 1/31/14  P. v. Jenkins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH LEE JENKINS,<br><br>        Defendant and Appellant. | C072795<br><br>(Super. Ct. Nos.<br>CM035912, CM036513) |

Defendant Kenneth Lee Jenkins's sole contention in this appeal is that the trial court violated the prohibition against ex post facto laws when it imposed a restitution fine of $240.  We affirm.

We dispense with a detailed recitation of the facts as they are unnecessary to the disposition of this appeal.

On August 30, 2012, a jury found defendant guilty of driving under the influence of alcohol and driving with a blood-alcohol level of .08 percent or higher (DUI) --

1

offenses committed on November 5, 2011.  On September 20, 2012, defendant pleaded no contest to failing to appear -- an offense committed in May 2012.

Sentencing took place on November 14, 2012.  In addition to a five-year eight-month prison term, the trial court imposed a $240 felony restitution fine in each case under Penal Code section 1202.4, subdivision (b), which it characterized as "the minimum restitution fine."  At the time of defendant's DUI, November 5, 2011, that statute provided for a fine between $200 and $10,000, "at the discretion of the court and commensurate with the seriousness of the offense."  (Stats. 2011, ch. 45, § 1.)  But effective January 1, 2012, prior to trial and sentencing, the minimum fine was increased to $240.[1]  (Stats. 2011, ch. 358, § 1.)

The ex post facto clauses of both the federal and state Constitutions prohibit any statute which makes more burdensome the punishment for a crime after its commission.  (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 294, 295.)  "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws.  [Citations.]"  (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.)

Therefore, defendant was actually eligible for the earlier minimum fine of $200 for the DUI offense, given that he committed the offense before the minimum amount was raised to $240.  Furthermore, it appears from the trial court's remarks that it would have imposed a $200 fine for the DUI offense had defendant's eligibility been brought to its attention.  There was, however, no objection to the $240 fine below.

"Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case.  Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing.

---

[1]     Defendant committed the failure to appear offense after the effective date of the statutory revision and does not claim the $240 fine in that case is improper.

2

[Citation.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354.) The $240 fine could be lawfully imposed on November 14, 2012 -- the date of defendant's sentencing -- and was, therefore, not unauthorized when imposed.

Because the fine was not unauthorized, defendant forfeited any claim that the trial court mistakenly imposed more than the minimum fine by not raising it at the sentencing hearing. "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*People v. Scott*, *supra*, 9 Cal.4th at p. 353.) Here, had defendant raised the 2011 minimum fine amount below, the trial court could have corrected any error in the amount of the fine. Because he did not, he may not challenge the fine on appeal.

DISPOSITION

The judgment is affirmed.

     NICHOLSON     , Acting P. J.

We concur:

     DUARTE     , J.

     HOCH     , J.