Filed 5/28/14  P. v. Spears CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B249145 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA120046) |
| v. | |
| KEVIN SPEARS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the Los Angeles County. Thomas I. McKnew, Jr.  Affirmed as modified and remanded with directions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \*

Appellant Kevin Spears pleaded no contest to a single charge of first degree residential burglary in violation of Penal Code section 459.[1] He was sentenced to the midterm of four years in state prison. This appeal followed.

Since the sole issue on appeal is the amount of the restitution fine (§ 1202.4, subd. (b)) and parole revocation fine (§ 1202.45), we set forth the trial court's statement when it imposed the fines:

"I am required to impose a fine. I will impose a fine of $250, which is the bare minimum that the court is required to impose. The victim did receive return of his property. I believe that the defendant has many financial obligations, which although in most cases wouldn't merit consideration, he does have children and I am concerned about their welfare."

The parties agree that at the time the burglary was committed, which is the governing event (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30), the minimum restitution fine was $200. At the time of the burglary, the parole revocation fine was required to be in the same amount as the restitution fine.

Effective January 1, 2012, the minimum restitution fine was $240. The minimum restitution fine was raised again effective January 1, 2013, to $280. Appellant was sentenced on March 28, 2013.

We do not agree with appellant that the restitution fine of $250 imposed on March 28, 2013, was illegal. $250 was within the maximum of $10,000 that was in effect at the time of the burglary. (§ 1202.4, subd. (b)(1).)

Although respondent contends the trial court's reference to a "bare minimum" was pegged to the fact the amount of property taken in the burglary was $250, we think the court's concern for the financial welfare of appellant's family supports the conclusion the trial court intended to impose the minimum restitution fine, which was in fact $200. That the court had the actual minimum in mind also follows from its choice of words: "I will impose a fine of $250, which is the bare minimum *that the court is required to impose*."

---

[1] All further statutory references are to the Penal Code.

(Italics added.)  The court's mistake in stating that the minimum was $250 is understandable in that the minimum had recently been increased twice.  The error is, of course, palpable since the minimum was never $250.

In order not to prolong this proceeding over a matter that is less than trifling, and in view of the fact that there are sound reasons to think that the trial court had the actual minimum in mind, we modify the judgment and sentence to provide that the restitution and parole revocation fines are both $200.  As respondent agrees, the abstract of judgment, which puts the fines at $280, needs to be corrected.  Any further proceedings other than that herein indicated would be a disservice to the trial court, counsel and the public.

## DISPOSITION

The case is remanded with directions to correct the abstract of judgment to reflect restitution and parole revocation fines of $200.  The superior court is ordered to transmit the modified abstract of judgment to the Department of Corrections and Rehabilitation forthwith.  In all other respects, the judgment is affirmed as modified.


GRIMES, J.


We concur:


RUBIN, Acting P. J.


FLIER, J.


3