Filed 1/27/15  P. v. Nguyen CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040509 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1235177) |
| v. | |
| HIEN TRI NGUYEN, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

$240 was the minimum restitution fine for a felony conviction under Penal Code section 1202.4, subdivision (b)(1)[1] in 2012 when defendant Hien Nguyen attempted to murder a coworker at a building supply store by clubbing him once in the back of the head with a drywall hammer.  The resulting charges were resolved by a plea agreement.  There was no objection at the change of plea hearing when the trial court advised defendant that he would be subject to various fines and fees, including "a restitution fund fine in the minimum amount of $264 and a maximum of $10,000."  There was no objection at the sentencing hearing when the trial court imposed "the minimum.  It's going to be $264," even though defense counsel had just identified the minimum fine as $240.  We may assume defense counsel and the trial court had in mind that section

---

[1]  Unspecified section references are to the Penal Code.

1202.4, subdivision (*l*) authorizes a county to impose a fee of up to 10 percent for the actual administrative cost of collecting a restitution fine, in other words, up to $24 for each $240 collected for a total of $264.

On appeal defendant contends that his restitution fine should be $240, and it was ineffective of defense counsel not to say so. The Attorney General responds that the objection was forfeited and that there may have been a tactical reason for not objecting. Because no error by the trial court or defense counsel appears, we will affirm the judgment.

## II. TRIAL COURT PROCEEDINGS

According to testimony at the preliminary examination, the charges were based on the following conduct. While working at a building supply store in June 2012, defendant appeared unusually serious to his supervisor, who inquired and was told by defendant that a coworker, Angel Dominguez Jr., had scolded him or told him off. Dominguez worked at the sales counter, while defendant was a stocker and runner. The supervisor told defendant not to be upset, he would talk to the manager about it. At the end of defendant's shift, he clocked out, retrieved an 18-inch drywall hammer from his car, and returned to the store.

Around 4 p.m., a customer noticed defendant walking quickly in the store expressionless and carrying a tool. The customer lost sight of defendant behind the counter for a moment. He reappeared behind Dominguez, who was at the counter working on a computer. Defendant, with an angry expression, held the hammer in both hands and swung it like a baseball bat, striking Dominguez once in the back of the head and knocking him bleeding to the ground. Defendant remained in the area until the police arrived. The incident was recorded on video-camera. Dominguez had seizures while being transported to the hospital. He survived and was hospitalized for five days with no recollection of the attack or the several days following it. He has a six or seven-inch scar on his head and was unable to work for several months.

Defendant was charged with attempted premeditated murder (count 1, §§ 664, 187, 189) and personal use of a dangerous or deadly weapon (§§ 12022, subd. (b)(1), 667, 1192.7) to inflict great bodily injury (§ 12022.7, subd. (a)). He was also charged with assault with a deadly weapon. (Count 2, § 245, subd. (a)(1).) He was alleged to have a prior serious felony conviction for lewd and lascivious acts. (§§ 667, subd. (a); 667, subds. (b)-(i); 1170.12.)

In July 2013, defendant agreed to resolve the case by pleading no contest to attempted murder and by admitting he inflicted great bodily injury by personal use of the hammer. He also admitted the prior serious felony conviction. The allegations of premeditation and assault with a deadly weapon would be dismissed at sentencing. Before defendant entered his no contest plea, he was advised of and waived his trial rights. The trial court explained that he would be subject to various fines and fees, including "a restitution fund fine in the minimum amount of $264 and a maximum of $10,000." No written plea form appears in the record on appeal.

The probation officer recommended a prison sentence of 23 years (the midterm sentence of seven years doubled plus five years for the serious felony conviction, three years for personal infliction of great bodily injury, and one year for personal use of a dangerous weapon). Also recommended were: a court security fee of $40, a criminal conviction assessment of $30, a criminal justice administration fee of $129.75 to the City of San Jose, a restitution fine of $5,520 "under the formula permitted by Penal Code section 1202.4(b)(2)"[2] and an equivalent parole revocation fine suspended under section 1202.45.

_____

[2] Section 1202.4 provides in relevant part:

"(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.

*(Continued)*

3

Defendant moved to strike his strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, to which the prosecution filed written opposition. At the sentencing hearing, the court denied the *Romero* motion and sentenced defendant to 19 years in prison, consisting of the lower term of five years doubled due to the prior strike, plus the nine years of enhancements recommended in the probation report. Defendant was awarded presentence custody credits of 515 actual days plus 77 conduct credits. (§ 2933.1.) Defendant stipulated to victim restitution of $1,296.98.

The court initially imposed a restitution fine of $5,520 as recommended in the probation report, but defense counsel pointed out the total would have to be recalculated based on the lower sentence. The prosecutor asked to reduce the fine to $280, "the minimum restitution fund fine in this case" because defendant would be in prison for a long time and also had victim restitution to pay. Defense counsel stated, "The minimum is $240, Your Honor. The total for 19 years is $4,560." The court stated, "I think in these circumstances it's unrealistic he would even be able to pay that amount so I'm

"(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000). …

"(2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted.

"[¶] … [¶]

"(*l*) At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

4

going to impose the minimum. It's going to be $264." There was no objection. The court imposed the other fees, fines, and assessments as recommended in the probation report.

## III. ANALYSIS

Since 1996, section 1202.4 has included a discretionary formula for calculating the mandatory restitution fine. The provision for actual collection costs not exceeding 10 percent has been part of the statute since 1988. (Stats. 1988, ch. 975, § 1, p. 3152; former Gov. Code, § 13967, now § 1202.4, subd. (*l*).)

Because defendant's crime occurred in 2012, the minimum restitution fine was $240. Restitution fines are considered punishment and therefore subject to the ex post facto clause (*People v. Souza* (2012) 54 Cal.4th 90, 143), which would prohibit imposing a restitution fine in a minimum amount increased after the defendant's offense. (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31; *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189.)

Defendant contends the trial court erred in imposing a "minimum" restitution fine of $264 rather than $240. Defendant acknowledges that he did not object to the amount of the fine in the trial court and thereby may have forfeited the claim on appeal. He argues in that event that his trial counsel was ineffective for failing to object.

The minimum statutory fine of $240 in this case plus the 10 percent collection fee would total $264. While the trial court described the minimum fine as $264, it appears that the court was simply imposing a fine of $240 plus the authorized 10 percent collection fee, both under the same statute. (§ 1202.4.) Section 1202.4, subdivision (*l*) requires that the collection fee "be added to the restitution fine and included in the order of the court … ." Here, the 10 percent fee is not duplicated elsewhere in the clerk's minute order or the abstract of judgment. Although we acknowledge that any ambiguity is avoided when the court states and the clerk records the restitution fine and collection fee separately, we conclude on this record that it was not error to combine the two

5

amounts in a single figure.  In view of this conclusion, defendant's claim of his counsel's ineffectiveness is moot.

## IV. DISPOSITION

The judgment is affirmed.

_____
Grover, J.

**WE CONCUR:**

_____
Bamattre-Manoukian, Acting P.J.

_____
Mihara, J.