Filed 3/2/15  P. v. Navarro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ESTEBAN DeJESUS NAVARRO,<br><br>    Defendant and Appellant. | G049442<br><br>(Super. Ct. No. 11HF2348)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed as modified.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

Esteban DeJesus Navarro was sentenced to six years in prison for committing a lewd act with a child under the age of 14.  His sole contention on appeal is that the trial court erred in ordering him to pay a restitution fine in the amount of $280.  We agree with appellant that the fine must be reduced to $200.  Other than to modify the judgment in that respect, we affirm.

FACTS AND PROCEDURAL BACKGROUND

In late 2010, appellant met a 13-year-old girl online through a social networking website.  Although appellant was 28 years old at the time, he started dating the girl, and they had sexual intercourse several times in early 2011.  The girl became pregnant and gave birth to appellant's child in October 2011.

Although appellant was working at Jack in the Box at the time he offended, the probation report indicates he lacked the financial ability to pay for the costs of his probation report.  The trial court did not make any findings in that regard, but it imposed a restitution fine of $280, which was the minimum amount authorized under Penal Code section 1202.4 at the time appellant was sentenced in 2013.

In objecting to that amount, defense counsel argued appellant's fine should be determined in accordance with the restitution statute that existed at the time appellant committed his offense in 2011, not the time of sentencing.[1]  However, the trial judge disagreed, stating "[w]e have been told by the Administrative Office of the Courts that [a restitution fine] is kind of a user type fee, and that it goes with the date of conviction.  Now, you're free to contest that . . . but I haven't seen anything to the contrary.  And most of the state restitution funds have not related back to the date of the crime.  For example, we could have a murder case 20 years old being sentenced today.  So, you've made your record[.]"

---

[1]    Defense counsel thought the minimum fine authorized under Penal Code section 1202.4 in 2011 was $240, but as we explain below, it was actually $200.

2

Appellant contends his restitution fine is legally unauthorized and violates ex post facto principles. Although that is not the case, we agree with appellant that his fine must be reduced from $280 to $200.

Contrary to the trial judge's understanding – and that of whoever advised him – the controlling date for determining the amount of a penal fine is the date of the defendant's offense. (*People v. Souza* (2012) 54 Cal.4th 90, 143; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248-1249; *People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.) If the amount of a fine increases from the time of the offense to the time of sentencing, ex post facto principles generally preclude imposition of the increased amount. (*Ibid.*)

When appellant committed his crime in 2011, the minimum restitution fine for a felony offense was $200, and the maximum was $10,000. (Pen. Code, § 1202.4, former subd. (b)(1); *People v. Holman* (2013) 214 Cal.App.4th 1438, 1452, fn. 3.) By the time appellant was sentenced in 2013, the maximum fine was still $10,000, but the minimum fine had been increased to $280. (*Ibid.*) So while appellant's $280 fine exceeded the statutory minimum back in 2011, it was still well within the statutory limit that existed at that time. Therefore, it was neither unauthorized nor violative of ex post facto principles. (Compare *Peugh v. United States* (2013) 569 U.S. ___ [133 S.Ct. 2072] [defendant could not be sentenced to a prison term that exceeded the federal sentencing guidelines that existed at the time of his offenses].)

Still, it is clear the trial court erroneously relied on the then-current version of the restitution statute in determining appellant's fine. In fact, the Attorney General concedes "the court selected the fine amount based on the minimum fine applicable at the time of appellant's conviction[.]" For the reasons stated above, that was error. Even though appellant's fine of $280 was within the statutory limit at the time he offended, the court used the wrong version of the restitution statute to ascertain the amount of his fine.

In light of appellant's limited financial resources and the court's inclination to impose the minimum fine allowable, we will reduce appellant's restitution fine to that amount, which is $200.

## DISPOSITION

Appellant's restitution fine is modified from $280 to $200.  In all other respects, the judgment is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

FYBEL, J.