Filed 8/25/15  P. v. Michael CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>JORDAN JOSEPH MICHAEL,<br><br>      Defendant and Appellant. | C078558<br><br>(Super. Ct. No. S13CRF0144) |

On August 25, 2014, defendant Jordan Joseph Michael pleaded no contest to assault by means of force likely to produce great bodily injury—an offense that occurred on June 28, 2013.  (Pen. Code, § 245, subd. (a)(4).)[1]  He also admitted inflicting serious bodily injury.  (§ 12022.7, subd. (a).)  Defendant appeared for sentencing on January 23,

--------

[1] Undesignated statutory references are to the Penal Code.

1

2015, and was sentenced to six years in prison. Defendant's sole contention on appeal is that the trial court's imposition of a $300 restitution fine at sentencing violated ex post facto principles and must be reduced. We affirm.

## DISCUSSION

At sentencing, the trial court imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b)(1), which provides in relevant part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.

"(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)." Restitution is imposed under the law applicable at the time of the offense, not at the time of sentencing. (*People v. Souza* (2012) 54 Cal.4th 90, 143.)

Defendant argues that the imposition of the $300 restitution fine was a violation of the constitutional prohibition against ex post facto penalties and must be reduced to $280 to reflect the statutory minimum in effect at the time of his June 2013 offense. We disagree, as defendant forfeited any claim of error.

The ex post facto clauses of both the federal and state Constitutions prohibit any statute that makes more burdensome the punishment for a crime after its commission. (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 294-295.) "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.)

At the time of defendant's offense, section 1202.4 provided for a fine between $280 and $10,000, "at the discretion of the court and commensurate with the seriousness

2

of the offense." (§ 1202.4, subd. (b)(1).) Although the minimum fine had been increased to $300 by the time of defendant's sentencing, defendant was actually still *eligible* for the earlier minimum fine of $280 based on the date of his offense. (*Ibid*.) Further, it appears from the trial court's remarks that it was imposing the minimum restitution fine, that it would have imposed a $280 fine had defendant's eligibility been brought to its attention. There was, however, no objection to the $300 fine below.

Defendant argues that he did not forfeit the claim of error. We disagree because the sentence was not unauthorized when imposed.

"Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) The $300 fine could be lawfully imposed in June 2013 and was therefore not unauthorized when imposed in January 2015.

Because the fine was not unauthorized, by not raising it at the sentencing hearing, defendant forfeited any claim that the trial court mistakenly imposed more than the minimum fine. "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*Scott*, *supra*, 9 Cal.4th at p. 353.) Here, had defendant raised the 2013 minimum fine amount below, the trial court could have corrected any error in the amount of the fine. Because he did not, he may not challenge the fine on appeal.

## DISPOSITION

The judgment is affirmed.


           RAYE        , P. J.


We concur:


       MAURO      , J.


       DUARTE     , J.

4