Filed 5/11/16  P. v. Medina CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069933 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF1200626) |
| MATTHU JUNIOR MEDINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Angel M. Bermudez, Judge.  Affirmed as modified with directions.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Matthu Junior Medina of one count of sexual intercourse with a child age 10 years or younger (count 1; Pen. Code,[1] § 288.7, subd. (a)); committing a lewd act with a child under age 14 (count 2, an alternate statement of the offense in count 1; § 288, subd. (a)); and two counts of sexual penetration of a child under age 10 (counts 3, 4; § 288.7, subd. (b)). The jury also found Medina inflicted great bodily injury on the victim in count 1 (§§ 12022.53, 12022.7, subd. (a), 1192.7, subd. (c)(8)).

The court sentenced Medina to an indeterminate term of 55 years to life plus three years for the enhancement.

Medina appeals challenging the court's instruction on unanimity (CALCRIM No. 3500) and contends the $300 restitution fine imposed by the court must be reduced to $240. The People correctly agree the trial court erred in imposing the wrong minimum restitution fine. Accordingly, we will order the judgment modified to reflect the correct restitution fine. In all other respects we will affirm the judgment.

## STATEMENT OF FACTS

Medina does not challenge either the admissibility or sufficiency of the evidence to support his convictions. Thus, we will only set forth an abbreviated statement of facts in order to provide context for the discussion which follows.

This case involves allegations of sexual intercourse and sexual penetration of the victim, Jane Doe, who was under 10 years of age at the time of the events. The charged offenses occurred between January 2011 and February 2012.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Doe was the daughter of a woman who was living with Medina and her children at the time of the offenses.

In February 2012, Doe reported to her mother that she had pain urinating, that she was hurting in the area of her genitalia, and that Medina had touched her in a bad way. Doe's mother took her to the hospital.

A sexual assault examination of Doe was performed on February 23, 2012. The doctor observed injuries to Doe's genitalia which were consistent with sexual penetration. The doctor also observed blisters, swabs of which were sent to the lab for testing. The lab results and later examination revealed Doe had contracted genital herpes. Expert testimony indicated Doe likely acquired the infection one to two weeks prior to the onset of symptoms.

Doe was interviewed by the Riverside County Child Assessment Team (RCCAT) on February 23, 2012. During the interview, Doe identified Medina as the person who perpetrated the various acts upon her. Doe told the interviewer that while her mother was in the shower, Medina inserted his finger into her vagina (she called it her "potty area"), and that it hurt. The most recent event of this nature was at Medina's mother's house. Doe said Medina did the "same thing" at Paula's house on another occasion.

Doe also said that while at Paula's house Medina pulled down her pants and inserted his penis into her vagina, again using the term potty area to describe Medina's penis and her "cookie" to describe her vagina.

After Medina was arrested, he was tested for genital herpes. Medina tested positive for that form of herpes.

3

Defense Evidence

Medina called expert witnesses to criticize the medical reports presented by the prosecution and to testify that Medina was not suffering from any mental disorder and that nothing in his background indicated he would act out sexually.

DISCUSSION

I

*THE UNANIMITY INSTRUCTION*

During the jury instruction conference, the court on its own motion indicated it would give CALCRIM No. 3500, the basic unanimity instruction. Neither party requested an instruction on unanimity and neither party objected to the court's choice of instructions. The trial court specifically noted that the modified unanimity instruction, CALCRIM No. 3501 was not applicable. Again, there was no objection by either party.

Medina now claims, for the first time on appeal that the court erred in selecting the basic instruction and, therefore he was denied due process. As we will discuss, CALCRIM No. 3500 was the correct instruction for the facts of this case, and even if there was a possible error, on this record any error would be harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18.)

A. There Was No Error

The two instructions we will discuss in this case are CALCRIM Nos. 3500 and 3501. They read as follows:

> CALCRIM No. 3500: "The defendant is charged with *<insert description of alleged offense>* [in Count ] [sometime during the period of _____ to _____ ]. The People have

4

presented evidence of more than one act to prove that the defendant committed this offense. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act (he/she) committed."

CALCRIM No. 3501: "The defendant is charged with <insert description[s] of alleged offense[s]> [in Count[s] ] sometime during the period of _____ to _____. [¶] The People have presented evidence of more than one act to prove that the defendant committed (this/these) offense[s]. You must not find the defendant guilty unless: [¶] 1. You all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act (he/she) committed [for each offense]; [¶] OR [¶] 2. You all agree that the People have proved that the defendant committed all the acts alleged to have occurred during this time period [and have proved that the defendant committed at least the number of offenses charged]."

The difference between CALCRIM Nos. 3500 and 3501 is found in the second paragraph in No. 3501. That paragraph deals with cases in which there are a number of charged acts which must be proved. Where there is generic testimony about multiple instances of such acts the jury must not only agree on the acts on which it relies, but it must also find that all of the charged acts were committed.

In *People v. Jones* (1990) 51 Cal.3d 294, 321-322, the court discussed the difference in the use of the two types of instructions involved here. The court said:

"In a case in which the evidence indicates the jurors might disagree as to the particular act defendant committed, the standard unanimity instruction should be given. [Citation.] But when there is no reasonable likelihood of juror disagreement as to particular acts, and the only question is whether or not the defendant in fact committed all of them, the jury should be given a modified unanimity instruction which, in addition to allowing a conviction if the jurors unanimously agree on specific acts, also allows a conviction if the jury unanimously agrees the defendant committed all the acts described by the victim."

5

In *People v. Smith* (2005) 132 Cal.App.4th 1537, 1542-1544, the court discussed the need for the modified unanimity instruction. In *Smith* the defendant was charged with continuous sexual conduct with a minor (§ 1203.066, subd. (a)(8)). The court instructed the jury it had to find the defendant had committed all 10 charged acts, but did not tell the jury it must be unanimous as to which acts done by the defendant constituted the charged acts. The court held that where the evidence consists of generic testimony involving multiple similar acts over time, the jurors must be unanimous as to which acts were committed and whether all of the charged acts were committed. *Smith* is distinguishable from the case before us.

We note first that in this case we are only concerned with the two sexual penetration counts (counts 3, 4). The evidence showed that the acts of penetration occurred at two different residences during the relevant time period: Medina's mother's house and "Paula's" house. Only one act was charged in each count, thus only one act in each count was required to be proved. However, since the victim stated the same type of act occurred several times at each place, the court needed to instruct the jury that it must unanimously agree as to which act supported the current charge. That instruction was properly contained in CALCRIM No. 3500. Since there was only one charged act in each count, the second paragraph in CALCRIM No. 3501 was not relevant.

In any event, the prosecutor specifically informed the jury that one count applied to Medina's mother's house and one to Paula's house. Given the nature of the charged offenses involving only one charged act each, and the prosecutor's clarification that the

6

two counts cover different locations, we are satisfied the trial court correctly instructed the jury using instruction CALCRIM No. 3500.  There was no error.

## B.  Any Error Was Harmless

Even if one could conclude that CALCRIM No. 3501 should have been given, any error in this case was harmless, beyond a reasonable doubt.  (*Chapman v. California, supra*, 386 U.S.18, 24.)  As we have discussed above, counts 3 and 4 each charged a single act, however, because the testimony was generic as to several possible instances at each location, the trial court correctly told the jurors they must be unanimous in their decision as to which acts support the convictions for the two counts.  The simple nature of the charges and the prosecutor's clarification as to location for each count eliminated any concern regarding proof of "all acts" as discussed in CALCRIM No. 3501.  (*People v. Matute* (2002) 103 Cal.App.4th 1437, 1448-1450.)  There was no prejudicial error in this case.

## II

## *THE RESTITUTION FINE*

At the sentencing hearing, the trial court stated the intention of imposing the minimum restitution fine.  The court imposed a $300 fine, which was the minimum amount required as of the time of sentencing.  However, as the parties have agreed, at the time of the offenses the minimum fine was $240.  (*People v. Souza* (2012) 54 Cal.4th 90, 143; *People v. Saelee* (1995) 35 Cal.App.4th 27, 31; *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189.)  Accordingly, we will order the judgment modified to reflect a restitution fine, and a parole revocation fine of $240.

7

DISPOSITION

The judgment is modified to reflect a restitution fine and parole revocation fine in the amount of $240. The trial court is directed to modify the abstract of judgment accordingly and forward an amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


PRAGER, J.*

_____

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.