Filed 9/3/14  P. v. Stallman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RICHARD LEE STALLMAN, J.R.,<br><br>  Defendant and Appellant. | F067182<br><br>(Super. Ct. No. BF144438C)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]  Before Kane, Acting P.J., Detjen, J. and Franson, J.

Defendant Richard Lee Stallman, Jr., was convicted by jury trial of receiving stolen property (Pen. Code, § 496, subd. (a)).[1] On appeal, he contends defense counsel was ineffective for failing to raise an ex post facto objection to the trial court's imposition of a $280 restitution fine pursuant to section 1202.4, subdivision (b). He asserts that the court's reference to "the standard fines and fees" demonstrates that it intended to impose the minimum fine, which was $240 at the time he committed the crime in 2012 (§ 1202.4, subd. (b)).[2] We disagree that the trial court clearly intended to impose the minimum fine. Accordingly, we affirm.

## DISCUSSION

"Under the United States Constitution, ""'any statute … which makes more burdensome the punishment for a crime, after its commission … is prohibited as *ex post facto*.'""" [Citations.] The ex post facto clause of the state Constitution is in accord." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.) The prohibition against ex post facto laws applies to restitution fines, which constitute punishment. (*People v. Souza* (2012) 54 Cal.4th 90, 143.) An increase in the minimum restitution fine makes the authorized punishment more burdensome. (*People v. Saelee, supra,* at pp. 30-31.) Therefore, a court cannot apply an increased minimum restitution fine retroactively to a defendant whose crime occurred prior to the increase in the minimum restitution fine.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Section 1202.4 provides in pertinent part: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000) …."

A defendant can forfeit an ex post facto claim by failing to raise the issue (see *People v. White* (1997) 55 Cal.App.4th 914, 917), particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing. We nevertheless address defendant's claim here because he argues defense counsel was ineffective for failing to object to the fine.

To prevail on an ineffective assistance of counsel claim, the defendant must prove two elements: (1) defense counsel's performance was deficient and (2) prejudice resulted from that performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." (*People v. Kelly* (1992) 1 Cal.4th 495, 520.)

Deficient performance is established if the record demonstrates that counsel's representation "fell below an objective standard of reasonableness under the prevailing norms of practice." (*In re Alvernaz* (1992) 2 Cal.4th 924, 937.) Generally, in assessing performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland v. Washington, supra,* 466 U.S. at p. 689.) "'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."' [Citations.] '[W]e accord great deference to counsel's tactical decisions' [citation], and we have explained that 'courts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight' [citation]. 'Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts.'" (*People v. Weaver* (2001) 26 Cal.4th 876, 925-926.)

On the other hand, defense counsel may be found ineffective where "there simply could be no satisfactory explanation" for counsel's failure to object. (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.) Furthermore, with respect to unfavorable sentencing

3

issues, "a defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent." (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

Here, we cannot say that defense counsel's failure to object to the $280 restitution fine constituted ineffective assistance. First, the $280 fine was well within the authorized $240 to $10,000 statutory range available to the court, and defense counsel reasonably may have decided not to challenge the relatively low fine. Second, the court's statements do not clearly demonstrate that it intended to impose the minimum fine based on its reference to "the standard fines and fees" and its statement that they would be "imposed as recommended." The court's use of "standard fines" may have referred to the minimum fines (as defendant contends), or to the fines recommended by the probation report (which stated, "It is further recommended that the defendant pay a restitution fine in the amount of $280.00, pursuant to Penal Code Section 1202.4(b)"), or to fines under the then-current standard of $280. In light of these possibilities, we cannot assume the court intended to impose the minimum fine but was unaware that the applicable minimum fine was $240. The court did not expressly state that it intended to impose the minimum fine, and we will not presume the court applied the wrong statutory law (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 ["It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties"].) The court may simply have been exercising its discretion to impose the fine it found appropriate. Defendant has failed to demonstrate that defense counsel was ineffective for not objecting to the $280 restitution fine.

### DISPOSITION

The judgment is affirmed.